UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **DECATUR VENTURES LLC, et al.,** ) | |
| ) | |
|   Plaintiffs, ) | |
| ) | |
|     vs. ) | CAUSE NO.  1:04-cv-562-JDT-WTL |
| ) | |
| **STAPELTON VENTURES, INC,. et al.,** ) | |
| ) | |
|   Defendants. ) | |

## ENTRY ON MOTION FOR PROTECTIVE ORDER AND MOTION TO QUASH

This cause is before the Magistrate Judge on the motion filed by Defendants Michael W. Stapleton and Stapleton Ventures, Inc. (collectively "Stapleton") entitled Motion for Protective Order and Motion to Quash Notice of Deposition of Hannah (Kaufman) Joseph.  The Magistrate Judge, having considered the motion, the responses filed thereto by the Plaintiffs and by Defendant NovaStar Home Mortgage ("NovaStar"), and the arguments of counsel during a telephonic conference this date, **GRANTS** the motion for the reasons set forth below.

Hannah Joseph is an attorney who represented the Plaintiffs in this action.  Ms. Joseph attended and took notes during three interviews of Mr. Stapleton that were conducted by her then co-counsel, Peter French.  The Plaintiffs have expressed their intent to call Ms. Joseph as a witness in this case to testify regarding the statements made by Mr. Stapleton during those interviews; Mr. Stapleton apparently has decided to refuse to testify on Fifth Amendment grounds. Stapleton and NovaStar assert that the statements in question were made during the course of settlement negotiations and therefore are inadmissible pursuant to Federal Rule of Evidence 408; the Plaintiffs assert that the interviews took place after a settlement agreement had been reached and therefore fall outside of Rule 408.

Rule 408 provides that "conduct or statements made in compromise negotiations" are inadmissible. Based upon the information before the Magistrate Judge at this time, it appears that the statements in question fall squarely into this category. As part of a settlement agreement, Mr. Stapleton was to be interviewed by Plaintiffs' counsel for the purpose of ultimately executing an affidavit memorializing his testimony relevant to this case. Ms. Joseph has submitted a sworn statement in which she describes the interviews as occurring "as a prerequisite of [Plaintiffs] entering into settlement negotiations." While perhaps what Ms. Joseph meant to say was "as a prerequisite of Plaintiffs consummating a settlement agreement," either way the fact remains that the parties were still in the process of completing the settlement process when the interviews occurred; the statements would not have been given but for the on-going settlement process, and the statements made during that process fall under Rule 408.

That said, the Plaintiffs correctly argue that Rule 408 does not render such statements inadmissible for all purposes. Rather, it provides that such evidence is not admissible "when offered to prove liability for, invalidity of, or amount of a claim" or "to impeach through a prior inconsistent statement or contradiction." Such statements are admissible for other purposes, however, including "proving a witness's bias or prejudice; negating a contention of undue delay; and proving an effort to obstruct a criminal investigation or prosecution." Rule 408(b); *see also Zurich American Ins. Co. v. Watts Industries, Inc.*, 417 F.3d 682, 689 (7th Cir. 2005) ("[Evidence coming out of settlement negotiations] has also been admitted by courts for additional purposes other than establishing liability, including for purposes of rebuttal, for purposes of impeachment, to show knowledge and intent, to show a continuing course of reckless conduct, and to prove estoppel."). However, the Plaintiffs have not demonstrated that the statements made by Mr. Stapleton would be relevant for any purpose other than evidence of the Defendants' liability in

this case, the very reason the statements were taken in the first place.

For the reasons set forth above, it appears to the Magistrate Judge that Ms. Joseph's proposed testimony regarding Mr. Stapleton's statements will not be admissible in this case, and therefore there is no need to depose her. Accordingly, Stapleton's motion is **GRANTED**. The Magistrate Judge understands from his discussions with counsel that the Plaintiffs intend to pursue their desire to present Ms. Joseph's testimony during the summary judgment stage and at trial; obviously if the Court determines that Ms. Joseph will be permitted to testify, then NovaStar will be entitled to depose her at that time.

SO ORDERED:   07/31/2007

*William T. Lawrence*

Hon. William T. Lawrence, Magistrate Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification